UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE LOPEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CALVIN JOHNSON, et al.,<br><br>　　　　　Respondents. | Case No. 2:20-cv-01496-RFB-VCF<br><br>**ORDER** |

This is a habeas corpus action under 28 U.S.C. § 2254. The Court directed Petitioner, George Lopez, to pay the filing fee, which he has done. ECF No. 7, 8. The court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Lopez will need to show cause why the court should not dismiss the action as untimely.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

1

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418).

Courts have found grounds for equitable tolling in extraordinary circumstances: (1) when an attorney effectively abandoned the client, see Gibbs v. Legrand, 767 F.3d 879 (9th Cir. 2014); (2) when the petitioner is mentally incompetent, see Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010); (3) when prison officials delay in providing required documents for filing a habeas corpus petition, see Grant v. Swarthout, 862 F.3d 914 (9th Cir. 2017); (4) when the prison's law library does not contain the relevant legal materials, see Roy v. Lampert, 465 F.3d 964 (9th Cir. 2006); (5) when prison officials confiscate the petitioner's legal papers, see Waldron-Ramsey v. Pacholke, 556 F.3d 1008 (9th Cir. 2009); (6) when a court misleads a petitioner, see Sossa v. Diaz, 729 F.3d 1225 (9th Cir. 2013); (7) and when a lengthy delay occurs between a court's issuance of a necessary order and the petitioner's receipt of the order, see Ramirez v. Yates, 571 F.3d 993 (9th Cir. 2009).

Actual innocence can also excuse operation of the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386-87 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably,

would have voted to find him guilty beyond a reasonable doubt.'" Id. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624.

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

In state district court, Lopez pleaded guilty to conspiracy to commit robbery, battery with intent to commit a crime, robbery with the use of a deadly weapon, trafficking in a controlled substance, ownership or possession of a firearm by a prohibited person, burglary while in possession of a firearm, and conspiracy to commit burglary. The state district court adjudicated Lopez as a habitual criminal under Nev. Rev. Stat. § 207.010. The state district court entered its judgment of conviction on October 12, 2016. Lopez appealed and the Nevada Court of Appeals affirmed the conviction on September 13, 2017. Lopez v. State, Case No. 71665-COA.[1] Lopez's judgment of conviction became final with the expiration of time to petition for a writ of certiorari, on December 12, 2017.

The state district court entered two amended judgments of conviction, on May 4, 2017 and August 24, 2017. Lopez's direct appeal was still pending at the time. Even if Lopez could have appealed from these amended judgments and did not, the time to appeal expired well before the finality of his judgment of conviction on December 12, 2017. Consequently, these amended judgments do not affect the court's calculations.

On October 9, 2018, 300 days after Lopez's judgment of conviction became final, he filed a post-conviction habeas corpus petition in the state district court. The state district court denied the petition on February 14, 2019 Lopez appealed. ECF No. 1-1 at 14. The Nevada Court of

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=41887&combined=true (report generated October 19, 2020).

1  Appeals affirmed the district court's decision on April 10, 2020. ECF No. 1-1 at 40. The Nevada
2  Supreme Court issued the remittitur on May 5, 2020. ECF No. 1-1 at 39. The time spent on this
3  state petition does not count toward the federal one-year period. 28 U.S.C. § 2244(d)(2).

4  Lopez does not state when he delivered his current federal habeas corpus petition to the
5  Court. He dated the petition on August 6, 2020, 92 days after the issuance of the remittitur on May
6  5, 2020. The High Desert State Prison's law library electronically transmitted the petition to the
7  court on August 12, 2020, 98 days after the issuance of the remittitur on May 5, 2020. Regardless,
8  the federal petition is untimely. 300 non-tolled days passed between the finality of the judgment
9  of conviction and the filing of the state post-conviction habeas corpus petition. 92 or 98 non-tolled
10 days passed between the end of the state post-conviction proceedings and either the dating or the
11 transmission of the federal habeas corpus petition. A total of 392 or 398 non-tolled days have
12 passed, either of which exceeds the one-year period of limitation of 28 U.S.C. § 2244(d)(1). Lopez
13 will need to show cause why the court should not dismiss this action as untimely.

14 IT THEREFORE IS ORDERED that the clerk of the court file the petition for a writ of
15 habeas corpus and exhibits, currently at ECF No. 1-1 and 1-2, respectively.

16 IT FURTHER IS ORDERED that petitioner will have 45 days from the date of entry of this
17 order to show cause why the court should not dismiss this action as untimely. Failure to comply
18 with this order will result in the dismissal of this action as untimely.

19 IT FURTHER IS ORDERED that the clerk add Aaron Ford, Attorney General for the State
20 of Nevada, as counsel for respondents.

21 IT FURTHER IS ORDERED that respondents' counsel must enter a notice of appearance
22 within 21 days of entry of this order, but no further response will be required from respondents
23 until further order of the court.

24 ///
25 ///
26 ///
27 ///
28

4

1  IT FURTHER IS ORDERED that the clerk provide copies of this order and all prior filings
2  to the Attorney General in a manner consistent with the clerk's current practice, such as regeneration
3  of notices of electronic filing.
4  DATED: October 20, 2020

_____
RICHARD F. BOULWARE, II
United States District Judge