UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE LOPEZ, | Case No. 2:20-cv-01496-RFB-VCF |
| Petitioner, | **ORDER** |
| v. | |
| CALVIN JOHNSON, et al., | |
| Respondents. | |

    This is a habeas corpus action under 28 U.S.C. § 2254. On October 20, 2020, the court directed petitioner George Lopez to show cause why the court should not dismiss this action. ECF No. 9. In response, Lopez has filed a motion to show cause (ECF No. 12), a motion for appointment of counsel (ECF No. 13), and a renewed application to proceed in forma pauperis in support of his motion for appointment of counsel (ECF No. 14). The court finds that Lopez has shown cause not to dismiss this action. The court also grants Lopez's motion for appointment of counsel and renewed application to proceed in forma pauperis.

    On August 6, 2020, Lopez delivered his petition to a prison officer for filing with this court. This was 27 days after the expiration of the one-year period of limitation of 28 U.S.C. § 2244(d)(1)(A).

    Lopez presents a persuasive argument for equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotations omitted). Lopez relied upon an inmate counsel substitute to prepare this petition. Lopez and the inmate counsel substitute resided in different units in the prison. The inmate counsel substitute possessed Lopez's paperwork from January 15, 2019. However, when the COVID-19 pandemic started, the prison went into quarantine. Lopez was unable to have any contact with the inmate counsel substitute regarding preparation and filing of the petition until July 2020. Lopez does not specify exactly what date this contact restarted. However, even if it was July 1, 2020, that would have left only 9 days in the one-year period to prepare, sign, and file the petition.

Lopez has demonstrated both an extraordinary circumstance and diligence. COVID-19, and the steps that the prison took to prevent the spread of the disease, were extraordinary circumstances. The quarantine was necessary, but it left Lopez separated from his paperwork. Lopez has also demonstrated diligence. Once was able to reestablish contact with his inmate counsel substitute, he dispatched the petition to the court less than a month. Under these circumstances, equitable tolling is warranted.

Lopez also has filed a motion for appointment of counsel (ECF No. 13). Looking at the petition form itself, Lopez presents only two grounds for relief. However, the state-court documents that Lopez has attached to the petition indicate that he has raised more claims in the past. Lopez also is facing a lengthy prison sentence. Finally, the renewed application to proceed in forma pauperis (ECF No. 14) shows that Lopez is unable to afford counsel. The court thus grants both the application and the motion for appointment of counsel.

IT THEREFORE IS ORDERED that the motion to show cause (ECF No. 12) is **GRANTED**.

IT FURTHER IS ORDERED that the motion for appointment of counsel (ECF No. 13) is **GRANTED**. Counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the renewed application to proceed in forma pauperis (ECF No. 14) is **GRANTED**.

1  IT FURTHER IS ORDERED that the Federal Public Defender is appointed provisionally as counsel for petitioner. The Federal Public Defender will have 30 days from the date of entry of this order either to undertake representation of petitioner or to indicate to the court the office's inability to represent petitioner. If the Federal Public Defender is unable to represent petitioner, then the court will appoint alternate counsel, subject again to establishment of financial eligibility. The court will set a deadline for filing of a second amended petition or a motion seeking other relief after counsel has appeared. The court does not signify any implied finding of tolling during any time period established or any extension granted. Petitioner always remains responsible for calculating the limitation period of 28 U.S.C. § 2244(d)(1) and timely presenting claims. The court makes no representation that the petition, any amendments to the petition, and any claims in the petition or amendments are not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT FURTHER IS ORDERED that the clerk provide copies of this order and all prior filings to the Federal Public Defender in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing.

IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED: September 15, 2021.

_____
RICHARD F. BOULWARE, II
United States District Judge